FILED
2015 Nov-03  AM 09:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLY WILLIAMSON, | ) | |
| LONNIE WILLIAMSON, | ) | |
| and ROBERT LAUBINGER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| JACKSON COUNTY HEALTH CARE | ) | |
| AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## COLLECTIVE ACTION COMPLAINT

**I.     INTRODUCTION**

1.     This is an action alleging brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., to remedy violations of the wage provisions of the FLSA by Defendant, which have deprived Plaintiffs, and all other similarly situated employees of the Highlands Ambulance Service employed by Defendant, of their lawful wages.   On behalf of themselves and all other similarly situated individuals, Plaintiffs seek, *inter alia*, equitable relief, lost wages and benefits, liquidated damages, and reasonable attorney fees and costs.

**II.     JURISDICTION**

1

2.     This Court has jurisdiction in accordance with 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391.

**III.   PARTIES**

3.     Plaintiff Kelly Williamson is an individual over the age of 19 years and a resident of Jackson County, Alabama.  From approximately 2001 until the present, Kelly Williamson has worked as a paramedic for Highlands Ambulance Service.  K. Williamson's Consent to Join this Action is attached as Exhibit A.

4.     Plaintiff Lonnie Williamson is an individual over the age of 19 years and a resident of Jackson County, Alabama.  From approximately 2005 until the present, Lonnie Williamson has worked as a paramedic or emergency medical technician (EMT) for Highlands Ambulance Service.  L. Williamson's Consent to Join this Action is attached as Exhibit B.

5.     Plaintiff Robert Laubinger is an individual over the age of 19 years and a resident of Jackson County, Alabama.  From approximately 2011 until the present, Robert Laubinger has worked as a paramedic or EMT for Highlands Ambulance Service.  R. Laubinger's Consent to Join this Action is attached as Exhibit C.

6.     Defendant Jackson County Health Authority is an "employer" as defined under the FLSA.  Highlands Ambulance Service is owned and managed by Jackson County Health Authority.

2

IV.   **FACTUAL ALLEGATIONS**

7.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 6 above with the same force and effect as if fully set out in specific detail herein below.

8.     Jackson County Health Care Authority (JCHCA) owns and manages the only hospital in Jackson County, Alabama, Highlands Medical Center.

9.     JCHCA's services include, but are not limited to, home health, rehabilitation, medical treatment, and ambulance services.

10.     The ambulance service, called Highlands Ambulance Service, has a total of five stations.

11.     Station One is located within the city limits of Scottsboro, Alabama, and is essentially on the same property as Highlands Medical Center.   Station One employs paramedics and EMTs for 24 hour shifts as well as 'day' shifts.   It is the only station with this type of staffing.

12.     Stations Two, Three, Four, and Five are referred to herein as "outlying stations" and are located in other areas of Jackson County.   Station Two is near the town of Bridgeport, Alabama.   Station Three is near Pisgah, Alabama.   Station Four is near Skyline, Alabama.   Station Five is close to Higdon, Alabama.

13.     The outlying stations employ paramedics and EMTs on rotating shift

3

schedules that include regular hours and on-call hours. Each of these outlying stations has two full-time crews. Each crew typically contains one paramedic and one EMT. Each full time crew typically works a three day shift each week, each day of which includes 'regular time' and 'on-call time'. On-call time is always at night, typically starting at 9:20pm and ending at 8:00am.

14.    JCHCA also employs full time "floater" paramedics and EMTs who typically work at multiple outlying stations during the week and "PRN" paramedics and EMTs who work part time on an as-needed basis. Floater crews and PRN employees also work both regular and on-call hours at the various outlying stations.

15.    Paramedics and EMTs at outlying stations are paid an hourly wage for all 'regular' hours. This hourly rate varies slightly according to tenure. On information and belief, the range is approximately $9.00 to $14.00 per hour.

16.    Outlying station employees are paid a different hourly wage for all 'on-call' hours. The hourly rate for on-call hours is $1.50 and does not vary among paramedics or EMTs.

17.    If outlying station crews respond to a call for ambulance services during on-call hours, they receive additional, overtime pay for the time it takes to complete the call. This overtime rate is 1.5 times the hourly rate a paramedic or EMT earns for 'regular' hours worked.

4

18.     The number of ambulance calls Plaintiffs and other outlying station employees receive during on-call hours varies.

19.     According to Jackson County Health Care Authority policy, paramedics and EMTs must leave from their station and be en route to the patient within ten minutes of receiving a call for an ambulance.

20.     According to Ala. Admin. Code 420-2-1-.05(9)(e), a "[l]icensed emergency medical provider services" such as JCHCA "shall ensure" that an "EMS response unit is en route within seven minutes of the initial dispatch (excluding air medical)."

21.     JCHCA paramedics and EMTs who fail to respond to ambulance calls within the required time limit are subject to discipline.

22.     JCHCA paramedics and EMTs must also be in uniform and be clean and sober when responding to ambulance calls.

23.     During 'regular' hours, paramedics and EMTs are required to be at their assigned station, unless they are out in the ambulance, responding to a call.

24.     During 'on-call' hours, paramedics and EMTs are not explicitly required to remain at their assigned station; however, the requirements for ambulances' response to calls, the rural nature of Jackson County, and the required regular hours schedule combine to create conditions that are so restrictive that JCHCA paramedics

5

and EMTs assigned to outlying ambulance stations cannot use their on-call time effectively for personal pursuits.

25.   During Plaintiff Kelly Williamson's employment as paramedic for the ambulance service associated with Highlands Medical Center, she has been assigned to work at various times at all of the outlying stations.

26.   None of the outlying stations is closer than a 15 to 20 minute drive from K. Williamson's home.  Because K. Williamson's home is located further than ten minutes away from the outlying stations, she has not been able to go home during on-call time.

27.   During Plaintiff Lonnie Williamson's employment as paramedic and EMT for the ambulance service associated with Highlands Medical Center, he has been assigned to work at various times at all of the outlying stations.

28.   None of the outlying stations is closer than a 15 to 20 minute drive from L. Williamson's home.  Because L. Williamson's home is located further than ten minutes away from the outlying stations, he has not been able to go home during on-call time.

29.   During Plaintiff Robert Laubinger's employment as paramedic and EMT for the ambulance service associated with Highlands Medical Center, he has been assigned to work at various times at all of the outlying stations, but primarily has

worked at Stations Two, Three, and Four.

30.    Laubinger's home is at least fifteen minutes away from Station Three and approximately 35 minutes away from Stations Two and Four.  As a result, Laubinger has not been able to go home during his on-call hours.

31.    Due to the rural nature of Jackson County and the limited response time requirement, there are very few personal activities Plaintiffs can pursue during their on-call hours.  With the exception of time spent out on ambulance calls, all Plaintiffs stay at the outlying stations during their on-call time and they cannot use their on-call time effectively for their own purposes.

32.    Due to the below-minimum-wage hourly rate for on-call time, Plaintiffs have great difficulty in finding other employees willing to cover a particular shift if Plaintiffs are sick or need to take time off for personal reasons.

33.    K. Williamson complained several times about the restrictiveness of the on-call policy and the inappropriateness of compensating paramedics and EMTs at a rate of only $1.50 per hour.  However, Plaintiff was told, including by her supervisor Ron Bray, that if she wasn't happy with the arrangement, she could leave.

34.    Since being hired, L. Williamson has spoken with multiple ambulance station captains about increasing on-call pay rates and changing the staffing of outlying stations from regular and on-call time to a 24 hour crew plus a day truck

7

similar to the staffing model of Station One in Scottsboro. L. Williamson received no substantive response to his concerns about wages.

35. Laubinger has complained to his station captains about the on-call pay, but was told that nothing was going to change and he should just stop talking about the issue.

## V.   CAUSE OF ACTION

36. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35 above with the same force and effect as if fully set out in specific detail herein below.

37. For all times material to this action, Defendant has been an enterprise engaged in commerce and is an "employer" subject to the requirements of the FLSA.

38. Defendant is engaged in the operation of a hospital.

39. Plaintiffs are employees whose work for Defendant regularly involves them in interstate commerce because, *inter alia*, they regularly make telephone calls to persons located in other States, handle records of interstate transactions, and occasionally travel to other States as part of their job.

40. The provisions set forth in sections 206 and 207 of the FLSA apply to Defendant; the Plaintiffs, and all similarly situated paramedics and EMTs, have been covered by sections 206 and 207 of the FLSA during their employment with

8

Defendant.

41.     Pursuant to 29 U.S.C. 206 and 207 of the FLSA, covered employers are required to pay employees a minimum hourly wage and are required to pay 1.5 times the regular rate of pay for all hours worked in excess of 40 per week.

42.     Within the context of the FLSA, "work" includes all time during which an employee is required to be on duty or to be on the employer's premises or at a prescribed workplace as well as all time during which an employee is "suffered or permitted" to work whether or not he is required to do so.

43.     The FLSA does not limit 'hours worked' to hours "spent in active productive labor, but includes time given by the employee to the employer even though part of the time may be spent in idleness." 29 C.F.R. 778.223.

44.     As a result, time spent waiting, or on-call time, may be considered work under the FLSA and therefore entitled to be compensated at appropriate minimum wage and overtime rates.

45.     Plaintiffs assert that the factual circumstances of their positions as Highlands Ambulance Service employees at outlying stations, including the conditions JCHCA placed on their time with respect to responding to calls, are so restrictive that they cannot effectively use their on-call time for personal pursuits.

46.     Plaintiffs are, in practice and as a result of JCHCA policies and the

9

conditions of their work, forced to spend the vast majority, if not all of their on-call time at their assigned station.

47.     With the exception of time spent out responding to an ambulance call, Highlands Ambulance Services paramedics and EMTs who work at outlying stations are paid at the rate of $1.50 per hour for every on-call hour worked.

48.     Plaintiffs allege that they and other similarly situated employees are entitled to full minimum wage and overtime compensation for all on-call hours worked at outlying stations.

49.     On information and belief, Defendant has intentionally failed and/or refused to pay Plaintiffs and all other similarly situated paramedics and EMTs who work at outlying ambulance stations according to the provisions of the FLSA.

50.     Defendant's policies and practices relating to its non-payment of minimum wage and overtime for all hours worked to Plaintiffs and all similarly situated ambulance paramedics and EMTs have existed for at least the past three years.

51.     On information and belief, Defendant has been aware of the requirements of the FLSA and its corresponding regulations, as well as Defendant's own violations of the FLSA, since at least October 2012. Despite this knowledge, Defendant has failed to pay the Plaintiffs and similarly situated ambulance

paramedics and EMTs the amount of pay required by the FLSA.

52.    There are numerous, similarly situated Highlands Ambulance Service paramedics and EMTs, employed by JCHCA, who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are known to Defendant and are readily identifiable.    They can be located through Defendant's records and include, specifically, all ambulance paramedics and EMTs who have been employed by Defendant and worked on-call hours for Highlands Ambulance Service at outlying stations.    These individuals would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

53.    On information and belief, Defendant has engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and all similarly situated ambulance paramedics and EMTs in accordance with sections 206 and 207 of the FLSA.

54.    As a result of Defendant's violations of the FLSA, Plaintiffs and all other similarly situated ambulance paramedics and EMTs have suffered damages by failing to receive compensation for all hours "worked" in accordance with sections 206 and 207 of the FLSA.

55.     In addition to the amount of unpaid wages and benefits owed to the Plaintiffs, and all other similarly situated ambulance paramedics and EMTs, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. 216(b) and prejudgment interest.

56.     On information and belief, Defendant's actions in failing to compensate Plaintiffs and all other similarly situated ambulance paramedics and EMTs in violation of the FLSA, were willful.

57.     On information and belief, Defendant has not made a good faith effort to comply with the FLSA.

58.     Plaintiffs and all ambulance paramedics and EMTs are also entitled to an award of attorney's fees pursuant to 29 U.S.C. 216(b).

59.     Plaintiffs and all other similarly situated ambulance paramedics and EMTs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for lost overtime and wages, back-pay, and a declaratory judgment is their only means of securing adequate relief.

60.     Plaintiffs and all other similarly situated ambulance paramedics and EMTs are now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated servers, pursuant to §216(b) of the FLSA, pray for the following relief:

a. At the earliest possible time, that they be allowed to give notice, or that the Court issue such Notice, to all paramedics and EMTs who have been employed by Defendant at any of Defendant's outlying stations for Highlands Ambulance Service during the three years immediately preceding the filing of this suit, and to all other potential plaintiffs who may be similarly situated, informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they were not paid at least full minimum wage and appropriate overtime wages and benefits for all on-call hours worked pursuant to 29 U.S.C. §216(b);

b. An order awarding damages to Plaintiffs, and other similarly situated individuals, in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

c. An order awarding reasonable attorneys' fees, including the costs and expenses of this action;

d. Such other legal and equitable relief to which Plaintiffs, and other similarly situated individuals, might be entitled including, but not limited to, declaratory and injunctive relief;

**JURY DEMAND**

**THE PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY.**

<div style="margin-left: 40%">

Respectfully submitted,


/s/ *Rachel L.McGinley*
Rachel L. McGinley
Rocco Calamusa
Daniel E. Arciniegas
Counsel for Plaintiffs

</div>

**OF COUNSEL:**
**WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB**
The Kress Building
301 19th St. North
Birmingham, Alabama  35203
(205) 314-0500

<div style="margin-left: 40%">

/s/ *Rachel L. McGinley*
OF COUNSEL

</div>

**PLEASE SERVE DEFENDANT BY**
**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**AT THE FOLLOWING ADDRESS:**

Jackson County Heath Care Authority
380 Woods Cove Road
Scottsboro, Alabama 35768

# EXHIBIT A

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

TO:   CLERK OF THE COURT AND COUNSEL OF RECORD

_Kelly Williamson_ states the following:
   [Print Name]

1.   I am over 18 years of age and competent to give the following consent in this matter.

2.   I am currently, or was formerly, employed by Jackson County Health Care Authority as an emergency medical technician and/or paramedic at Highlands Ambulance Service
       from _10-29-01_ to _present_
                [Date]                    [Date, or if still working write "present"]

3.   I understand that this suit is being brought to recover unpaid compensation and overtime.  I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.   I believe I have not been paid for all compensable time which I have worked, including overtime.

5.   I hereby consent and agree to be a plaintiff in this lawsuit and to be bound by any decision in this lawsuit or by any settlement of this case.  I hereby designate attorneys Rachel L. McGinley, Rocco Calamusa, and Daniel Arciniegas of the law firm Wiggins, Childs, Pantazis, Fisher, Goldfarb to represent me in this action.

       I understand that this suit may be brought as a collective action covering employees of Defendant.  If brought as a collective action under either federal or state law, I consent to join as a plaintiff in such suit.

       I swear or affirm that the foregoing Statements are true to the best of my knowledge.

       DATED the _30_ day of _October_, 2015.

_Kelly Williamson_
[PRINT NAME]

_(signature)_
[SIGN NAME]

████████████████████
[PRINT STREET ADDRESS]

████████████████████
[PRINT CITY, STATE, ZIP CODE]

████████████████████
[PRINT CELL PHONE NUMBER]

_____
[PRINT HOME PHONE NUMBER]

**EXHIBIT B**

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

TO:   CLERK OF THE COURT AND COUNSEL OF RECORD

_Lonnie Williamson_ states the following:
[Print Name]

1.     I am over 18 years of age and competent to give the following consent in this matter.

2.     I am currently, or was formerly, employed by Jackson County Health Care Authority as an emergency medical technician and/or paramedic at Highlands Ambulance Service
         from _10 / 2005_ to _present_
                [Date]                    [Date, or if still working write "present"]

3.     I understand that this suit is being brought to recover unpaid compensation and overtime. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.     I believe I have not been paid for all compensable time which I have worked, including overtime.

5.     I hereby consent and agree to be a plaintiff in this lawsuit and to be bound by any decision in this lawsuit or by any settlement of this case. I hereby designate attorneys Rachel L. McGinley, Rocco Calamusa, and Daniel Arciniegas of the law firm Wiggins, Childs, Pantazis, Fisher, Goldfarb to represent me in this action.

         I understand that this suit may be brought as a collective action covering employees of Defendant. If brought as a collective action under either federal or state law, I consent to join as a plaintiff in such suit.

         I swear or affirm that the foregoing Statements are true to the best of my knowledge.

         DATED the _30th_ day of _October_, 2015.

_Lonnie Williamson_
[PRINT NAME]

███████████████████
[PRINT STREET ADDRESS]

███████████████████
[PRINT CELL PHONE NUMBER]

_[signature]_
[SIGN NAME]

███████████████████
[PRINT CITY, STATE, ZIP CODE]

_N/A_
[PRINT HOME PHONE NUMBER]

# EXHIBIT C

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

TO:    CLERK OF THE COURT AND COUNSEL OF RECORD

Robert J. Laubinger _____ states the following:
[Print Name]

1.    I am over 18 years of age and competent to give the following consent in this matter.

2.    I am currently, or was formerly, employed by Jackson County Health Care Authority as an emergency medical technician and/or paramedic at Highlands Ambulance Service
from _01/04/2011_ to _Present_____.
[Date]                    [Date, or if still working write "present"]

3.    I understand that this suit is being brought to recover unpaid compensation and overtime. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.    I believe I have not been paid for all compensable time which I have worked, including overtime.

5.    I hereby consent and agree to be a plaintiff in this lawsuit and to be bound by any decision in this lawsuit or by any settlement of this case. I hereby designate attorneys Rachel L. McGinley, Rocco Calamusa, and Daniel Arciniegas of the law firm Wiggins, Childs, Pantazis, Fisher, Goldfarb to represent me in this action.

   I understand that this suit may be brought as a collective action covering employees of Defendant. If brought as a collective action under either federal or state law, I consent to join as a plaintiff in such suit.

   I swear or affirm that the foregoing Statements are true to the best of my knowledge.

   DATED the _30_ day of _October_____, 2015.

Robert J. Laubinger _____            Robert Laubinger _____
[PRINT NAME]                            [SIGN NAME]

███████████████████                     ███████████████████
[PRINT STREET ADDRESS]                  [PRINT CITY, STATE, ZIP CODE]

███████████████████                     _____
[PRINT CELL PHONE NUMBER]               [PRINT HOME PHONE NUMBER]